Charles G. Moses, Respondent, *v.* Henry B. Helmke, Appellant.

(City Court of New York, General Term, October, 1896.)

**Brokers — Commissions.**

Where a broker, employed to effect a sale of real property, has found a purchaser of sufficient responsibility, who is able and willing to take the property upon the terms named, the broker has performed his contract and is entitled to his commissions.

Appeal by defendant from judgment on verdict for plaintiff, and from order denying new trial.

Hoffman Miller, for appellant.

Mark Ash, for respondent.

Van Wyck, Ch. J.   The plaintiff, a real estate broker, sues to recover commissions for securing for defendant at his request a purchaser of his real property for the price and upon the terms fixed by him.   The record and brief indicate that defendant-appellant's case was tried largely upon the theory that a real estate broker, who, by his negotiations at the seller's request, has produced a purchaser willing and able to buy at the seller's price and terms, has not earned his commission until the seller and purchaser have actually executed a written contract of sale and purchase enforceable at law for damages and in equity for specific performance. But such is not the law of this state, and the rule here is, that: Where a broker, employed to effect the sale of property, has found a purchaser of sufficient responsibility, able and willing to take upon the terms named, he has performed his contract and is entitled to his commission.   And this is the rule whether the property be real or personal, or whether the purchase price is to be paid in cash or in other property at an agreed price.   The proof of plaintiff is that at defendant's request, through plaintiff's negotiations, he secured one Friedman to agree to exchange his property for defendant's property for prices and upon terms satisfactory to defendant, and that defendant in parting with Friedman said to him that his lawyers, could draw the contracts and send them over to his (defendant's) lawyers "to see if the form is correct, and I will sign them;" that defendant made an engagement for Tuesday to sign the contract,

but did not keep the engagement; that on Wednesday defendant wrote to the broker as follows:

"New York, *Feb.* 27, 1895.

"Mr. CHAS. GRIFFITH MOSES: ·

"DEAR SIR.—One of the parties who, I told you, was negotiating for my Brooklyn house has finally accepted my offer, and the con· tracts were signed this morning. I can assure you that I am sorry that you did not make the deal as you have worked hard, and I will put anything that I can in your way that would be profitable to you. The principal reasons for my declining the Washington Heights property and taking the other in preference are the price, assessments, the probability of the city taking off some 22 feet to widen Depot lane, the doubts of being able to get a street cut through where I would prefer the facilities of getting to the property, and other important reasons.

"Thanking you for your attention, and hoping soon to be able to send you some business.

"Very truly,

"H. B. HELMKE."

Mr. Friedman testified that he and defendant had agreed fully upon the terms of the exchange, and that he owned the property, which he was to give defendant in exchange, jointly with another, and that such other had authorized him to make the trade.

In defendant's letter, by which he informed the broker that he had signed a contract to sell his property to other parties, his speci· fied reasons for his refusal to sign the contract with Friedman are the price, assessments, probable loss of twenty-two feet to widen a street, and doubts about having a street cut through just where he wished it; but in his testimony at trial he gives as his reason for failing to agree to the exchange that it was a condition precedent to his making this exchange that he should also purchase the Rath· born adjoining property, and that he objected also because the mortgage on the Friedman property could not be paid off within thirty days, but he made no proof about the assessments, price, loss of twenty-two feet to widen street, or doubt about having street cut at particular place. The respective contentions of the parties were fully and clearly submitted to the jury, who were charged that: If they found that the minds of these parties, Helmke and Friedman, who were to exchange properties, did not meet on all the material

conditions and terms of the bargain, then the broker cannot recover. If there was any difference between them, then their minds had not met and they had not fully agreed, and, in that case, the broker would not be entitled to his commission. But if they found from all the evidence that their minds did meet, that they had fully agreed upon the terms of the exchange of their property, then the broker is entitled to his commission, whether the contract was put in writing or not. This charge was in accordance with the law relating to brokerage for sale of property for cash or by exchange for other property.

In view of the shifting excuses given by defendant for his alleged failure to agree as to the sale by exchange, it would not be surprising that the jury had concluded that the true reason for his failure to carry out his agreement was that he had secured another purchaser for his property on more advantageous terms to him, and their verdict for plaintiff will not be disturbed. Judgment and order affirmed, with costs.

FITZSIMONS, J., concurs.

Judgment and order affirmed, with costs.